Sánchez Martínez, Juez Ponente
*994 TEXTO COMPLETO DE LA SENTENCIA
La controversia que plantea este recurso es la siguiente: ¿Constituye delito de apropiación ilegal el que un vendedor de billetes de la Lotería que acordó con un cliente reservarle un billete, el cual éste le pagó antes del sorteo, se niegue a entregarle al cliente el billete reservado —que resultó agraciado con el premio mayor de la lotería— o el monto del premio cobrado con dicho billete? El Tribunal de Primera Instancia resolvió que sí y el convicto ha apelado. Veamos los hechos.
El comerciante Víctor Gutiérrez Santiago opera una cafetería donde también vende billetes de la lotería. Entre sus clientes figuraba Lorenzo Mateo Santiago, quien solía comprarle todas las semanas dos billetes enteros por veinticinco dólares cada uno. Mateo compartía ambos billetes con dos personas más.
Luego de estarle comprando los mismos billetes a Gutiérrez por algún tiempo, el día anterior al sorteo del 26 de abril de 1995, Mateo no pudo ir durante el día al negocio del comerciante para pagar y recoger los billetes como era su costumbre, y cuando pudo ir a eso de las 4:00-4:30 de la tarde, ya la cafetería estaba cerrada. Por tal razón, Mateo fue esa misma noche a la residencia de Gutiérrez a recoger los billetes. Pero como el comerciante le indicó que los billetes estaban en la cafetería, Mateo le entregó el precio de los billetes y acordaron que al día siguiente, día del sorteo, Mateo pasaría por la cafetería de Gutiérrez a recogerlos.
Al día siguiente, Mateo no pudo recoger los billetes temprano en la mañana porque tenía un asunto personal que atender.
Más tarde, después de las 10:00 de la mañana, Mateo se enteró por la radio de que uno de los billetes había resultado agraciado con el premio mayor de la Lotería. Entonces se dirigió a la cafetería a recoger sus billetes.
Al llegar a la cafetería le pidió los billetes a Gutiérrez, pero el comerciante se negó a entregárselos bajo el pretexto de que los había "canteado", o sea, que había vendido los billetes en fracciones. En cambio, le ofreció venderle a Mateo las únicas cinco fracciones que supuestamente le quedaban sin vender. Molesto y defraudado, Mateo se negó a recibir los cinco pedazos del billete y llamó a la policía.
La investigación de rigor demostró que la esposa de Gutiérrez cambió y cobró el billete premiado ($150,000) al día siguiente del sorteo. El billete está completo, pero cinco pedazos aparentan haber sido rasgados aun cuando están adheridos a éste con una grapa. (Exhibit 4 de El Pueblo.) Por tal razón, Gutiérrez fue acusado por el delito de apropiación ilegal agravada, Art. 166 del Código Penal, 33 L.P.R.A. see. 4272, bajo imputación de que se apropió, sin violencia ni intimidación, de la cantidad de $150,000 al cambiar un billete de la lotería premiado perteneciente a Mateo y otras dos personas. Tras ser convicto por jurado, fue sentenciado al máximo de doce años de reclusión sin derecho a probatoria.
El Tribunal de Primera Instancia se negó a concederle fianza en apelación por considerar *995 que la apelación era frívola. Nosotros, en cambio, le fijamos una fianza de mil dólares que el apelante prestó.
En su alegato el comerciante hace cinco señalamientos de error, de los cuales sólo discutiremos uno, que a nuestro juicio se cometió (i.e., que los hechos probados no establecieron la comisión del delito sino una acción civil por incumplimiento de un contrato). Esto, por sí sólo, amerita la revocación de la sentencia apelada. Veamos.
El Código Penal de Puerto Rico castiga la apropiación ilegal de bienes muebles pertenecientes a otra persona. Art. 165, 33 L.P.R.A. see. 4271. Un billete de la lotería es un bien mueble susceptible de ser apropiado ilegalmente. Art. 7, inciso 8, del Código Penal, supra, sec. 3008 (7). Es elemento del delito que el objeto de la apropiación sea un bien mueble ajeno. Dora Neváres, Código Penal de Puerto Rico Revisado y Comentado, Instituto para el Desarrollo del Derecho, 1993, a la pág. 264. Esto obedece a que el bien jurídico tutelado por el Código es la protección del patrimonio de bienes muebles. Id., a la pág. 265.
En el caso de autos la condena de Gutiérrez sería válida si concluyéramos que al momento de requerírsele la entrega del billete, éste ya no se encontraba en su patrimonio sino que estaba en el patrimonio de Mateo. Dicho de otro modo, en las circunstancias de este caso el Ministerio Público tenía que probar que Gutiérrez no era el dueño del billete cuando decidió retenerlo para él cambiarlo por la suma del premio y establecer que cuando Mateo le reclamó al convicto la entrega del billete premiado, el convicto rehusó entregarle un bien perteneciente a, o que estaba en el patrimonio de Mateo. En otras palabras, ¿era el billete premiado propiedad de Gutiérrez o de Mateo?
Esta controversia requiere la aplicación del Código Civil que regula la propiedad de los bienes muebles en Puerto Rico. El Art. 549 del Código Civil establece que ”[l]a propiedad y los demás derechos sobre los bienes se adquieren y transmiten por la ley, por donación, por sucesión testada e intestada y por consecuencia de ciertos contratos mediante la tradición". 31 L.P.R.A. see. 1931. La compraventa es uno de estos contratos que para que pueda entenderse transmitido el dominio es necesario que se configure la tradición o entrega de la cosa. Arts. 1048 y 1351 del Código Civil, 31 L.P.R.A. sees. 3012 y 3811.
Mientras no haya entrega o tradición de la cosa comprada no hay transferencia de título aun cuando se hubiese pagado el precio por ella. Tal y como afirma Puig Brutau, en virtud de los citados artículos "no priva en nuestro Derecho el sistema de transmisión de la propiedad por la sola eficacia del consentimiento." J. Puig Brutau, Fundamentos de Derecho Civil, 2da ed., Barcelona, Ed. Bosh, 1971, T. Ill, Vol. I. a la pág. 345. En esto nuestro derecho se mantiene fiel a la doctrina romana y es distinto a otros derechos como el francés, por ejemplo, en el cual la convención o acuerdo de voluntades es la causa exclusiva, sin necesidad de ningún otro acto complementario, de que la propiedad de las cosas se transfiera y pase de uno a otro sujeto de derecho. Id., a la pág. 346.
Siendo así, el comprador de un bien mueble que paga el precio pero a quien no le es entregada la cosa, no adquiere ningún derecho real sobre la misma. Solamente tiene a su disposición el ejercicio de una acción personal.
El Código Civil establece que los contratos se perfeccionan por el mero consentimiento de los contratantes y desde entonces obligan al cumplimiento de lo pactado y de todas las consecuencias que de dicho contrato se deriven. Art. 1210, 31 L.P.R.A. see. 3375. No hay duda de que entre Gutiérrez y Mateo se perfeccionó un contrato de compraventa de un billete de la lotería, pues no solamente habían prestado el consentimiento sobre el negocio jurídico sino que incluso Mateo había cumplido su obligación de pagar el precio. Por tal razón, Gutiérrez estaba obligado a entregarle el billete a Mateo, según pactado, por disposición *996 expresa del Art. 1350 del Código Civil que obliga al vendedor a la entrega y saneamiento de la cosa objeto de la venta, 31 L.P.R.A. see. 3801, una vez el comprador haya satisfecho el precio. Art. 1355, 31 L.P.R.A. see. 3815.
Más aún, Gutiérrez estaba obligado a entregarle a Mateo los frutos de la cosa vendida, Art. 1357 del Código Civil, 31 L.P.R.A. see. 3817, en este caso, los ciento cincuenta mil dólares correspondientes al primer premio del billete. Y como tampoco cabe duda de que Gutiérrez incurrió en dolo al incumplir su obligación de entregar el billete o los frutos del mismo, Gutiérrez viene obligado a la reparación de cualquier daño que con tal conducta le hubiese ocasionado a Mateo. De hecho, existe un pleito civil entre las partes por esta misma cuestión.
No obstante todo lo anterior, la responsabilidad dimanante del incumplimiento de un contrato civil sólo puede proyectarse en el cauce de las acciones civiles ordinarias, mas no en el cauce de la acción penal reservado únicamente para afrontar conducta que contravenga disposiciones específicas de naturaleza penal y no de otra índole. Por más deleznable que a nosotros personalmente nos pudiera parecer la conducta de Gutiérrez, la misma no constituye delito. La acusación debió desestimarse bien temprano en el proceso pues en materia penal los tribunales de justicia sólo juzgan la legalidad de los actos humanos, no su moralidad.
Con estos antecedentes, se revoca la sentencia apelada y se absuelve al apelante. Una vez firme nuestra sentencia, devuélvanse los autos originales junto al mandato.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General